JOHN SCHERRER, PLAINTIFF, v. PATRICK MACKIN, DEFENDANT.

Decided July 24, 1924.

**Negligence—Motor Vehicle Collision—Defendants Not Present at Trial—Alleged Agreement of Counsel Not in Writing— Surprise of Defendants—New Trial Granted on Payment of Costs.**

On defendant's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Gross & Gross.*

*Contra, William C. Gebhardt & Son.*

PER CURIAM.

A judgment was entered in the Supreme Court on a verdict of jury, rendered in the Warren County Circuit, for the sum of $5,133, in favor of the plaintiff and against the defendant.

The action was brought by the plaintiff to recover damages alleged to have been sustained by him in a collision between an automobile driven by one Daniel Gruendyke, and in which plaintiff was riding, and a truck operated by defendant's servant. On the day set for trial neither the defendant nor his counsel appeared, and plaintiff's counsel moved the trial of the cause in their absence, whereupon a jury was impaneled; testimony was taken and resulted in the verdict as above stated. From the depositions taken under the rule it appears that originally there were five separate actions instituted against the defendant by distinct plaintiffs, all of whom were riding in the automobile at the time of the collision with the truck, and claimed that they sustained injuries. That three of the five cases were tried together, and in one there was a verdict for the defendant, while in the other two

there was a verdict of $300 for the present plaintiff and a verdict for the sum of $100 in favor of Charles A. Deremer.

The plaintiffs obtained a rule to show cause why the verdicts should not be set aside on the ground of inadequacy of damages only, the Supreme Court, however, in a *per curiam* opinion, declared that the situation was such that it required a new trial unlimited in scope, including both liability and damages. The verdicts were set aside and a new trial was ordered. The cases were noticed for trial at the Warren Circuit. Mr. George, who is the defendant's attorney, was at the time assistant prosecutor of the pleas for Hudson county. His deposition is to the effect that because of his official position, which engrossed much of his time in giving attention to public business, he made an arrangement with Mr. Gebhardt that the latter would notify him, Mr. George, a few days in advance of the day the cases were to be moved for trial, so that the latter could prepare his case for trial, and that he received no notice. This arrangement is denied by Mr. Gebhardt. The court will not take notice of a stipulation between counsel unless such stipulation is in writing.

We are satisfied from the depositions that counsel of defendant was taken by surprise that the trial took place in his and his client's absence. We are also satisfied that the defendant has a defense on the merits of the case both as to liability and the amount of damages. We think it would be a grave injustice to deny to defendant his day in court to be heard on both questions.

We have reached the conclusion that the judgment entered should be vacated and set aside, and that a new trial be granted upon these terms, that the defendant pay to the plaintiff the costs, duly taxed, incurred by him, by reason of the trial and entry of the judgment and under the rule to show cause.

Rule will be made absolute.